**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**ERIC TAYLOR**

      **Plaintiff,**                          **Civil Action No. 14-cv-01251-REB-MJW**

      **v.**

**WALTER CHARNOFF, an individual,
RENTRANGE LLC, a Colorado limited
liability company, and JOHN DOE,
an individual,**

      **Defendants.**

---

**CIVIL SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference was held on July 29, 2014 at 3:00 p.m. before Magistrate

Judge Michael J. Watanabe.

For Plaintiff Eric Taylor:           For Defendants Walter Charnoff and RentRange LLC:

Liz Brodzinski                  Liza Getches
Mudd Law Offices              Moye White LLC
3114 W. Irving Park Rd., Suite 1W     16 Market Square, Sixth Floor
Chicago, Illinois 60618           Denver, Colorado 80202
773.588.5410                   303.292.7926
773.588.5440 (Fax)           303.292.4510 (Fax)
lb@muddlaw.com               liza.getches@moyewhite.com

**2.  STATEMENT OF JURISDICTION**

This Court has jurisdiction over the Plaintiff's claims based upon diversity of the

Parties and pursuant to 28 U.S.C. § 1332.  The Plaintiff is a citizen of South Carolina.  The

Defendants RentRange LLC ("RentRange") and Walter Charnoff ("Charnoff") are citizens of

Colorado.  Plaintiff asserts that, upon information and belief, Defendant Doe is a citizen of

Florida.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

**a.**        **Plaintiff:**

**Plaintiff's Claims:**

This action arises out of the Defendants' conduct relating to the Plaintiff's employment relationship with the Defendant and the termination thereof.  The Plaintiff began working for Defendant RentRange, LLC in 2011.  The Plaintiff became the President of RentRange, LLC. After the Plaintiff decided to terminate his relationship with RentRange in November 2013, the Parties agreed that the Plaintiff would leave at some point on or before April 1, 2014 so that the Parties could effectuate a smooth transition given the Plaintiff's position within the company. In February 2014, the Parties met in Orlando, Florida.  During their meeting, the Defendants attempted to forcibly remove the Plaintiff's laptop without any warning.  During the altercation, the Defendants shoved the Plaintiff more than once and physically impeded him from returning to his hotel room.  Based upon this conduct, the Plaintiff resigned.  Subsequent to the Plaintiff resigning from RentRange, the Defendants published several defamatory statements about the Plaintiff which have damaged his reputation.  The Defendants have breached their Employment Agreement with the Plaintiff by failing to compensate him as required under the terms of the agreement.  Based on the foregoing, the Plaintiff has filed the following claims against the Defendants:  (1) breach of contract (against Defendant RentRange LLC); (2) defamation *per se* (against Defendant Walter Charnoff); (3) tortious interference with prospective business relations (against Defendant Walter Charnoff); (4) assault (against Defendants Walter Charnoff and John Doe); and (5) battery (against Defendant Walter Charnoff).  The Plaintiff denies and disputes the Defendants' response to his claims.

2

**Plaintiff's Defenses:**

The Plaintiff is in the process of preparing his response to the Defendants' Counterclaims, which is due on July 29, 2014.  However, at a minimum, the Plaintiff denies and disputes the Defendants' Counterclaims and refers to the claims in his Complaint in support thereof.

     **b.**     **Defendant(s):**

**RentRange's Defenses:**

Prior to and following the parties decision to transition Mr. Taylor out of RentRange, RentRange requested that Mr. Taylor provide (or return) copies of RentRange company information and documents.  At each request, Mr. Taylor's behavior turned erratic and he refused to provide the company property.  When requested to do so in Florida, in the company of Mr. Charnoff's security guard, Mr. Taylor became irate and violent and refused to give the company laptop (containing all of the company information) to Mr. Charnoff.  At no time did Mr. Charnoff (or his security guard) physically threaten, touch or harm Mr. Taylor.  Moreover, Mr. Charnoff never falsely discussed Mr. Taylor's departure from the company with any third party to otherwise substantiate Mr. Taylor's  defamation claim.  Mr. Taylor's resignation from the company deprives him of any compensation under the parties' contract and, as a result, his claim for the same is baseless. In addition, Mr. Taylor's claims for compensation under the employment agreement are baseless because he failed to honor the conditions precedent imposed by his employment agreement with RentRange.  RentRange incorporates its affirmative defenses stated in its Answer as if fully set forth herein.

**RentRange's Claims:**

Prior to his departure, unbeknownst to RentRange, Mr. Taylor engaged in a pattern of disloyal conduct calculated to divert business opportunities from RentRange for his own personal gain.  While receiving a quarter million dollars in salary as RentRange's president, Mr. Taylor was simultaneously using his access to RentRange's confidential and proprietary information for his personal benefit and the benefit of RentRange's competitors.  In planning his exit from RentRange, Plaintiff attempted to mask his illicit conduct by deleting thousands of files and data containing confidential company information and communications with other companies because he knew that it illustrated his disloyalty to RentRange.  After RentRange demanded the return of its property and information, Taylor terminated his employment relationship with RentRange and initiated this litigation in an effort to divert the attention away from his wrongdoing by claiming, now, that compensation is due to him.  Based on the foregoing, RentRange asserts the following counterclaims against Eric Taylor:  Breach of Contract, Breach of Fiduciary Duty,  Conversion, Intentional Interference with Prospective Contractual Relations, Civil Theft and Misappropriation of Trade Secrets.

**c.       Other Parties:**

Plaintiff asserts claims against "John Doe", a security guard named Daniel Cook (as identified in Defendant's counterclaims), but Plaintiff has not yet named Mr. Cook in this lawsuit by name or served Mr. Cook with the complaint.

## 4. UNDISPUTED FACTS

**The following facts are undisputed:**

1. The Plaintiff is a citizen of South Carolina.

2. Beginning in 2011, the Plaintiff worked for Defendant RentRange as an independent contractor and later became its company President.

3. The Plaintiff and the Defendants met in Orlando, Florida on February 12, 2014.

## 5. COMPUTATION OF DAMAGES

The Plaintiff seeks damages related to the Defendants' assault, battery, and failure to perform their obligations under the Plaintiff's Employment Agreement, among other claims in the Complaint.  At this time, the Plaintiff bases his computation of damages alleged in the Complaint on, among other things, the overdue expenses due to the Plaintiff from RentRange LLC; a deferred compensation pursuant to the addendum to the Employment Agreement dated February 1, 2013 in the amount of $30,000; payment of deferred compensation of $5,000.00 for the month of January 2014; payment of deferred compensation of $2,500.00 for the month of February 2014; payment of a performance bonus of $40,000; payment of six months' severance; attorneys' fees as permitted by statute and under the Employment Agreement; and any punitive or other damages as allowed by the Court.  However, Plaintiff Taylor has not yet begun discovery in this case, and is therefore unable to fully identify and/or compute his damages at this time.  Indeed, the Defendants solely possess some of the information necessary to compute damages.  Therefore, the Plaintiff reserves the right to supplement this information as appropriate.

RentRange seeks damages related to Mr. Taylor's misuse of company property,

diversion of business opportunities outside of RentRange for his benefit and the benefit of others, and improper dissemination  use of RentRange's trade secrets.  These include: improper reimbursements for company expenses, rent, travel, contracts and business opportunities diverted to Real Property Decisions or other entities in lieu of RentRange, compensatory damages and other damages related to Mr. Taylor's dissemination of RentRange's trade secret and confidential information to other companies.  RentRange is unable to calculate the exact monetary amount of its damages without further discovery. RentRange will also seek attorneys' fees as permitted by statute and under the Employment Agreement.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

**a.** **Date of Rule 26(f) meeting.**

July 2, 2014

**b.** **Names of each participant and party he/she represented.**

For Plaintiff Eric Taylor:        For Defendants Walter Charnoff and RentRange LLC:

Liz Brodzinski              Liza Getches

**c.** **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties agreed to submit Rule 26(a)(1) disclosures by July 16, 2014.

**d.** **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e.** **Statement concerning any agreements to conduct informal discovery:**

Not applicable.

**f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have agreed to produce a large number of documents in discovery electronically in order to save printing costs.

**g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Plaintiff will likely obtain a forensics expert.  The Defendants have engaged a forensic expert to recover a substantial amount of electronically stored information.

**h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have agreed to engage in settlement discussions in the near future.

**7.**
**CONSENT**

All parties      □  [have]      **X**    [have not] consented to the exercise of jurisdiction of a magistrate judge.

**8.  DISCOVERY LIMITATIONS**

**a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

**b.      Limitations which any party proposes on the length of depositions.**

The limitations imposed by the Rules of Civil Procedure.

**c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Each Party may issue 30 requests for production and 30 requests for admission to each other Party.

7

**d.**      **Other Planning or Discovery Orders**

The Parties have no additional proposed orders concerning scheduling or discovery at

this time.

## 9.  CASE PLAN AND SCHEDULE

**a.**      **Deadline for Joinder of Parties and Amendment of Pleadings:**

August 29, 2014.

**b.**      **Discovery Cut-off:**

February 25, 2015.

**c.**      **Dispositive Motion Deadline:**

April 27, 2015 or 61 days after Discovery Cut-off.

**d.**      **Expert Witness Disclosure**

      **1.**      **The parties shall identify anticipated fields of expert testimony, if any.**

The Parties identify: Computer forensics expert, Economist, possibly one more.

      **2.**      **Limitations which the parties propose on the use or number of expert witnesses.**

Limited to 3 per side.

      **3.**      **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before  May 28 , 20 15 or 45 days after dispositive deadline.**

      **4.**      **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before  June 29 , 20 15 or 30 days after 26(a)(2) deadline.**

e.     **Identification of Persons to Be Deposed:**

1.     Eric Taylor

2.     Walter Charnoff

3.     Daniel Cook

4.     Willard Purdue

5.      Corporate representative or other employee(s) of Valligent

6.     Corporate representative or other employee(s) of Primarq.

7.      Corporate representative or other employee(s) of Realty Pilot.

The Parties reserve the right to supplement the foregoing list.

f.     **Deadline for Interrogatories:**

The deadline for Interrogatories to be issued is January 23, 2015 or 33 days before

discovery cut off.

g.     **Deadline for Requests for Production of Documents and/or Admissions**

The deadline for Requests for Production of Documents and/or Admissions to be issued is

January 23, 2015 or 33 days before discovery cut off.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.     **Status conferences will be held in this case at the following dates and times:**

_____**.**

b.     **A final pretrial conference will be held in this case on _____at____
____o'clock m.  A Final Pretrial Order shall be prepared by the parties
and submitted to the court no later than seven (7) days before the final
pretrial conference.**

9

## 11.  OTHER SCHEDULING MATTERS

**a.**     **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

There are no discovery or scheduling issues upon which counsel were unable to reach

an agreement.

**b.**     **Anticipated length of trial and whether trial is to the court or jury.**

Counsel anticipate four days for jury trial given the Plaintiff's claims and the

Defendants' counterclaims.

**c.**     **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.**

There are no such pretrial proceedings.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

**The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.**

**Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.**

**With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.**

**In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.**

**In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.**

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

10

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

____/s/ Liz Brodzinski_____        ____/s/ Elizabeth H. Getches_____

Liz Brodzinski                             Elizabeth H. Getches, #34898
Mudd Law Offices                           Moye White LLP
3114 W. Irving Park Road, Suite 1W         16 Market Square
Chicago, Illinois 60618                    1400 16th Street, 6th Floor
773.588.5410                               Denver, Colorado 80202-2900
773.588.5440 (Fax)                         303.292.7926
lb@muddlaw.com                             303.292.4510 (Fax)
                                           liza.getches@moyewhite.com